United States District Court
Southern District of Texas
**ENTERED**
July 12, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 16-413-1 |
| | § | |
| MATTHEW RYAN ROBINSON | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Matthew Ryan Robinson, a federal prisoner currently confined at RRM San Antonio, filed the pending *pro se* motion for a compassionate release under 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 64.) The Government filed a response in opposition (Docket Entry No. 66), to which defendant filed a reply (Docket Entry No. 69).[1]

Having considered the motion, the Government's response, defendant's reply, the record, matters of public record, and the applicable law, the Court **DENIES** the motion for a compassionate release for the reasons shown below.

### I.  BACKGROUND AND CLAIMS

Defendant pleaded guilty to felon in possession of a firearm and was sentenced to a 96-month term of incarceration. Judgment of conviction was entered on November 14, 2017. The Fifth Circuit Court of Appeals dismissed defendant's appeal of the conviction as frivolous on February 21, 2019.

---

[1] Defendant filed his motion on May 16, 2022. The case was reassigned to the undersigned district judge on March 3, 2023.

Defendant claims he is entitled to a compassionate release because his mother has become incapacitated and he is the only available caregiver. He further argues that COVID-19 conditions at the FCI Williamsburg are unsafe and warrant his release.

The Government does not dispute defendant's statement that he exhausted his administrative remedies prior to filing his motion.

## II. LEGAL STANDARDS

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to that rule is found in 18 U.S.C. § 3582(c)(1)(A), informally known as the compassionate release statute. To qualify for a compassionate release, a prisoner must show that: (1) "extraordinary and compelling reasons" justify a sentence reduction; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) early release is consistent with the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. 3582(c)(1)(A); *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). When a prisoner files a compassionate release motion with the district court, the Sentencing Commission's current policy statement is not binding on the court. *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021).

The first prong requires a prisoner to show that he "faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner that leads irresistibly to the conclusion that this prisoner has a singular and remarkable need for early release." *United States v. McMaryion*, 64 F.4th 257, 259 (5th Cir. 2023) (cleaned up).

The defendant bears the burden of showing that his circumstances meet the test for compassionate release. *United States v. Hudec*, 2020 WL 4925675, at *3 (S.D. Tex. Aug. 19, 2020); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019). However, a prisoner cannot challenge the validity or the duration of his sentence through a motion for compassionate release. *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court may reduce the defendant's sentence after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (cleaned up) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The decision whether to grant relief is within the district court's discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir 2020). Although the district court must provide a reason for its denial of a prisoner's compassionate release motion, *id.*, "a district court may deny relief under § 3582(c) by stating that the § 3553(a) factors do not favor relief, or alternatively, that the movant's proffered grounds for relief are not extraordinary and compelling." *McMaryion*, 64 F.4th at 263.

The statutory provision requires a defendant to fully exhaust BOP administrative remedies prior to seeking a compassionate release in federal court. 18 U.S.C. § 3582(c)(1)(A). The Government in this instance does not dispute that defendant exhausted

his administrative remedies prior to bringing his motion, and has not raised as a defense failure to exhaust.

### III. ANALYSIS

A.     <u>Extraordinary and Compelling Reasons – Facility Conditions</u>

Defendant states that his confinement at FCI Williamsburg is endangering his health and life because he cannot self-quarantine from exposure to the COVID-19 virus. Defendant does not claim he has any medical conditions that increase his risk of serious illness or death from COVID-19.

Defendant was confined at FCI Williamsburg at the time he filed his motion, and he has not advised the Court of any change in his address of record. However, public online records for the Federal Bureau of Prisons indicate that defendant is currently confined at or through RRM San Antonio, a residential reentry management center in San Antonio, Texas. His current anticipated date of release is August 8, 2023. Defendant does not show an increased risk of serious illness or death from COVID-19 due to his current confinement at or through RRM San Antonio. Although defendant expresses legitimate and common concerns regarding COVID-19, he does not establish that his facility cannot manage an outbreak or that the facility could not treat him if he were to contract a second infection.

Defendant has not shown that he is at an increased or specific risk of being infected with COVID-19, is unable to guard properly against infection while incarcerated, or has any underlying health issues that may warrant compassionate release in light of COVID-19. It

is well settled that a prisoner's general fear of infection with the COVID-19 virus does not entitle him to a compassionate release. *United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir. 2021).

In short, no extraordinary and compelling reasons for a compassionate release are shown, and defendant is not entitled to an immediate release from prison.

B.  Extraordinary and Compelling Reasons – Family Circumstances

Defendant appears to argue that he is entitled to a compassionate release because his mother is incapacitated or terminally ill and he is the only available caretaker. As his sole support, defendant relies on an MRI test result bearing his mother's name. No explanation, factual allegations, or other support is provided as to his mother's condition. Defendant further fails to provide any support for his bald assertion that he is the only person who can take care of her. The Government raised these deficiencies in its response, and defendant made no further arguments and provided no further information in his reply as to his mother's condition or her caretaking.

Defendant fails to establish that his mother's condition constitutes an extraordinary and compelling reason for granting him a compassionate release, and relief is unwarranted.

C.  Challenges to Constitutionality of Conviction

In his reply to the Government's response, defendant appears to challenge the constitutionality of his conviction. His argument raises no viable claim for a compassionate release. The United States Court of Appeals for the Fifth Circuit has held that a prisoner

cannot use section 3582(c) to challenge the legality or duration of his sentence, "because [the federal prisoner's claims] would have been cognizable under § 2255, they are not cognizable under § 3582(c)." *United States v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023); *see also United States v. McMaryion*, 64 F.4th 257, 259 (5th Cir. 2023)(same). Defendant's constitutional challenges to the validity of his conviction are cognizable under section 2255 and cannot be raised in context of this motion for compassionate release.

Because no extraordinary and compelling reasons for granting defendant a compassionate release have been found, the Court need not address the applicable sentencing factors set forth under 18 U.S.C. § 3553(a). *See Jackson*, 27 F.4th at 1093 n.8; *Thompson*, 984 F.3d at 433–35.

## IV. CONCLUSION

Defendant's motion for a compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 64) is **DENIED WITH PREJUDICE**.

Signed at Houston, Texas, on _____JUL 1 0 2023_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE